**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELIZABETH HERNANDEZ,**

    **Plaintiff,**

**v.**                                                                                      Case No:   6:19-cv-1978-Orl-22LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 (Doc. 27)**
>
> **FILED:**     **October 4, 2020**
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.  Background**

    On October 17, 2019, the Claimant filed a complaint against the Commissioner alleging that his request for social security disability benefits was improperly denied. (Doc. 1). After the Claimant submitted her portion of the joint memorandum to the Commissioner (*see* Doc. 27 at 13), but prior to the deadline for the parties' joint memorandum, the Commissioner filed an unopposed motion to remand the case for further proceedings. (Doc. 21). On May 5, 2020, the Court entered

an order granting the motion to remand and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 22). Judgment was entered accordingly the following day. (Doc. 23).

On June 1, 2020, the Plaintiff moved for an award of $6,638.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 24). The Plaintiff filed a duplicative request for attorney's fees under the EAJA on September 2, 2020. (Doc. 25). I entered an order denying both motions because they were silent as to whether the plaintiff had a net worth of less than $2 million at the time the complaint was filed and directed her to file a renewed motion on or before October 9, 2020. (Doc. 26). The Plaintiff timely filed a renewed motion on October 4, 2020 again seeking an award of $6,638.00 in attorney's fees under the EAJA. (Doc. 27 ("Motion")).[1] The Motion is unopposed (*Id*. at 5, ¶ 10) and, therefore, ripe for review.

## II. Discussion

A party seeking an award of attorney's fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. As discussed below, I find the Plaintiff is eligible to recover EAJA fees and her request for EAJA fees is reasonable.

### A. Eligibility for EAJA Fees

A party may recover an award of attorney's fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application

---

[1] The document constituting the Motion is poorly organized, as it is begins with a proposed order (Doc. 27 at 1), then a notice of filing (*Id*. at 2-3), a petition for attorney's fees (*Id*. at 4-5), an affidavit from the Plaintiff (*Id*. at 6), a memorandum of law (*Id*. at 7-11), a declaration from counsel (*Id*. at 12-14), a certificate of service (*Id*. at 15), and an assignment of attorney's fees (Doc. 27-1). Despite the disjointed nature of the Motion, the Plaintiff has provided the information and evidence needed to rule on the request for EAJA fees. I therefore find the Motion should not be denied on account of its organization.

for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

### 1. Prevailing Party

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. (Docs. 22; 23). The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, I find the Plaintiff is a prevailing party.

### 2. Timely Application

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id.* at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). As discussed above, the plaintiff then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). Here, the judgment was entered on May 6, 2020, and the original motion was filed less than 90 days later on June 1, 2020. (Docs. 23; 24). Further, the Plaintiff timely filed the present Motion. Accordingly, I find the Motion is timely.

### 3. Claimant's Net Worth

The Plaintiff states that she had a net worth of less than $2 million when the complaint was filed. (Doc. 27 at 6, ¶ 9). This statement is uncontroverted. Accordingly, I find the Plaintiff's

net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that his position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner has not argued that his position was substantially justified, and the time to do so has passed. Accordingly, I find the Commissioner's position was not substantially justified.

### 5. No Special Circumstances

I find no special circumstances would make an award of fees unjust.

### B. Reasonableness of EAJA Fee

The Plaintiff provided the following information detailing the time her counsel spent litigating the case and the requested hourly rate:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Judith A. Dexter, Esq.[2] | 2019-20 | 32.25 | $205.83 | $6,638.01 |
| | **Total** | | | **$6,638.01** |

(Doc. 27 at 10, 12-14). The Plaintiff has demonstrated that the hourly rate does not exceed the EAJA cap of $125.00 per hour adjusted for inflation. (*Id*. at 10). Further, the Plaintiff attached a detailed time sheet in support of the hours her counsel spent working on the appeal, and I find those

---

[2] Attorney Dexter was admitted *pro hac vice*, with Attorney Richard Culbertson serving as local counsel. (Doc. 7). The Plaintiff, however, only seeks attorney's fees for the work that Attorney Dexter performed in this case. (*See* Doc. 27 at 12-14).

hours to be reasonable. (*Id*. at 12-14). Accordingly, I further find the Plaintiff is entitled to recover $6,638.01 – though she only seeks an award of $6,638.00 – in attorney's fees and that such fees are reasonable.

### C. Assignment

The Plaintiff requests that the EAJA award be paid directly to her counsel. (Doc. 27 at 5, ¶ 9). A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The Plaintiff assigned her right to the EAJA award to her counsel on May 19, 2020. (Doc. 27-1 ("Assignment")). The Assignment, however, does not satisfy the Anti-Assignment Act, because it was executed prior to the determination of the EAJA award. *See Crumbley v. Colvin*, No. 5:13-cv-291(MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). The government, though, may exercise its discretion to honor the Assignment if it determines that the Plaintiff does not owe a debt to the government. But I recommend the Court not order the government to do so.

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 27) be **GRANTED** to the extent that the Plaintiff be awarded a total of $6,638.00 in attorney's fees pursuant to the EAJA.
2. The Motion (Doc. 27) be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

**The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on November 10, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy